UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERESA STUEBBEN,

    Plaintiff,

v.                                                                                           CASE NO.: **3:21-CV-00929**

FORESIGHT CONSTRUCTION GROUP, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TERESA STUEBBEN ("Stuebben"), by and through her undersigned counsel, hereby files suit against Defendant, FORESIGHT CONSTRUCTION GROUP, INC. ("FCGI"), a Florida corporation. In support thereof, Plaintiff alleges the following:

### JURISDICTION AND VENUE

1. This is an employment discrimination action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, as amended ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA"); the Equal Pay Act of 1963, 29 U.S.C. § 206(d) ("EPA"); and the Florida Civil Rights Act of 1992, §760.01, Fla. Stat., *et seq.* ("FCRA").

2. This Court has jurisdiction over the Title VII, ADEA and EPA claims pursuant to 28 U.S.C. §1331 as this is a civil action arising under the laws of the United States (Federal Question). This Court also has supplemental jurisdiction over the FCRA state law claims pursuant to 28 U.S.C. §1367, as those claims are so related to the federal law claims that they form part of the same case or controversy.

3. Venue is proper in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b) and Local Rule 1.04, because the unlawful employment practices alleged were committed in Jacksonville, Duval County, Florida and because the Defendant operates and does business in Jacksonville, Duval County, Florida.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about May 13, 2021, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A true and correct copy of the Charge of Discrimination is attached hereto and incorporated herein as **Exhibit A**.

5. The EEOC issued a Notice of Right to Sue on July 29, 2021. A true and correct copy of the EEOC's Notice of Right to Sue is attached hereto and incorporated herein as **Exhibit B**. This action is being filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

6. Plaintiff has exhausted all administrative remedies prior to the filing of this lawsuit. All other conditions precedent to the commencement and maintenance of this action have been satisfied or waived.

## STATEMENT OF THE PARTIES

7. Teresa Stuebben, a 56-year-old female, is an individual residing in Jacksonville, Duval County, Florida.

8. Foresight Construction Group, Inc., is a Florida corporation doing business in Alachua County, Florida. FCGI was Stuebben's employer as defined by each of the laws under which this action is being brought. At all material times, FCGI employed the number of employees required by the laws under which this action is brought.

**STATEMENT OF FACTS**

9. Stuebben was first hired by FCGI on August 8, 2019, as the Market Vice President for northeast Florida.

10. In her position as Market Vice President, she was responsible for a seven-county territory in northeast Florida and beyond.

11. In her position, she was fully responsible for oversight of the Jacksonville office and its staff. An Operations Manager, along with approximately seven (7) other employees, all reported to Stuebben. Stuebben was also responsible for resource management, monthly reporting, hiring, firing and promoting employees and other various tasks related to the operation of the Jacksonville office.

12. Stuebben's main responsibility in her role of Market Vice President was to grow the Jacksonville office and expand FCGI's presence in the health care, education, and commercial markets. At the time she was hired, the Jacksonville area only had approximately three federal construction contracts.

13. Stuebben successfully executed her duties as Market Vice President as demonstrated by the numbers for the Jacksonville office. In fact, there were over forty (40) opportunities for construction contracts presented to FCGI as a result of Stuebben's efforts.

14. For example, new contract opportunities she created include, but are not limited to, St. Johns County Public Schools, Baptist Hospital, Florida Blue, and Duval County Public Schools, Mayo Clinic, and an oncology building near Mayo Clinic that was to be a 4.5 million dollar contract.

15. Additionally, the two projects that Stuebben inherited upon her employment were contracts that were either losing money or breaking even because of miscalculations on estimates by the Gainesville office.

16. For year 2020, despite the COVID pandemic and the ensuing economic downturn, the Jacksonville office was profitable. Other offices, run by younger male employees were underperforming and were not profitable in 2020.

17. Upon information and belief, the Tampa office was an underperforming office run by Rich Shannon (younger male). Further, upon information and belief, Rich Shannon, despite having similar experience as Stuebben, was paid a significant higher salary than Stuebben for doing the exact same job at a different location.

18. In fact, Stuebben had identified over 20 million in contracts for the year 2021 by the second week of January 2021. This means that Stuebben would have far exceeded her goal for the year 2021 had her employment continued.

19. Stuebben was the only female on the executive committee and her suggestions and comments were very often met with defensiveness and hostility that was not expressed toward younger males on the executive committee. Furthermore, during meetings and retreats, Juan Segarra (President of FCGI) often ignored Stuebben and spent his time socializing with the male employees, including Shannon.

20. On or about January 15, 2021, Stuebben was called into a meeting where she was advised that her employment was being terminated. She was told that "too many things had gone bad" but was not given any examples of what had gone bad despite asking for such examples.

21. She was also told that the numbers were "not what they had hoped." However, the underperforming offices run by younger men had much worse numbers than the Jacksonville office.

22. Finally, Stuebben was told that she did not develop enough "federal business," despite the fact that she was hired only to develop business in the health care, education, and commercial markets -- not the federal market.

23. The reasons given to Stuebben for her termination were false and merely pretext for discrimination based on her sex and age.

24. Additionally, the only other female member of the executive committee was also terminated under questionable circumstances in or about September 2019.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

25. Plaintiff adopts and incorporates by reference the allegations contained in one through twenty-four above as if fully set forth herein.

26. Title VII prohibits discrimination based on gender in the terms and conditions of employment.

27. Stuebben is female and a member of a protected class under Title VII.

28. Stuebben was qualified to perform her job, but she was subjected to an adverse employment action when she was terminated.

29. Similarly situated male employees were treated more favorably than she was. Specifically, Rich Shannon, the Market VP for the Tampa office, was retained when his office was underperforming and losing contracts while Stuebben was terminated despite her office's profitability and the fact that she was exceeding her goals.

5

30. FCGI cannot articulate a legitimate non-discriminatory business reason for Stuebben's termination. The reasons given for her termination were false and unworthy of credence, and therefore are a pretext for unlawful gender discrimination.

31. As a direct and proximate result of the unlawful gender discrimination to which Plaintiff was subjected, she was wrongfully terminated and has suffered damages, including the loss of compensation, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred, and will continue to incur, legal fees and costs associated with the vindication of their rights.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF THE FCRA

32. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs one through twenty four above as if fully set forth herein.

33. The FCRA prohibits discrimination based on gender in the terms and conditions of employment.

34. Stuebben is female and a member of a protected class under the FCRA.

35. Stuebben was qualified to perform her job, but she was subjected to an adverse employment action when she was terminated.

36. Similarly situated male employees were treated more favorably than she was. Specifically, Rich Shannon, the Market VP for the Tampa office, was retained when his office was underperforming and losing contracts while Stuebben was terminated despite her office's

profitability and the fact that she was exceeding her goals.

37. FCGI cannot articulate a legitimate non-discriminatory business reason for Stuebben's termination. The reasons given for her termination were false and unworthy of credence, and therefore are a pretext for unlawful gender discrimination.

38. As a direct and proximate result of the unlawful gender discrimination to which Plaintiff was subjected, she was wrongfully terminated and has suffered damages, including the loss of compensation, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred, and will continue to incur, legal fees and costs associated with the vindication of their rights.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

## COUNT III
## VIOLATION OF THE EQUAL PAY ACT

39. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs one through twenty-four as if fully set forth herein.

40. The Equal Pay Act requires that men and women be given equal pay for equal work in the same workplace. Specifically, the EPA provides that employers may not pay unequal wages to men and women who perform jobs that require substantially equal skill, effort, and responsibility, and that are performed under similar working conditions within the same establishment.

41. Stuebben performed substantially similar work to Rich Shannon, her male counterpart in the Tampa office, for less pay. In fact, Stuebben and Shannon held the exact

same position with the same job duties and responsibilities.

42. Furthermore, based on the fact that Stuebben has several more years of experience than Shannon, FCGI has no legitimate business reason to pay Shannon significantly more than Stuebben.

43. As a direct and proximate result of receiving unequal pay for performing substantially similar work than her male counterpart, Stuebben has suffered damages, including the loss of compensation. She has also incurred, and will continue to incur, legal fees and costs associated with the vindication of their rights.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, interest, liquidated damages, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

## COUNT IV
## AGE DISCRIMINATION VIOLATION OF THE ADEA

44. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs one through twenty-four as if fully set forth herein.

45. The ADEA prohibits age discrimination against employees who are age 40 or older in any aspect of employment, including termination.

46. Stuebben was 55-years-old at the time she was terminated and, therefore, a member of the protected group under the ADEA.

47. Stuebben was subjected to an adverse employment action when she was terminated and she was qualified for her position at the time of her termination.

48. Stuebben was treated less favorably than her younger counterpart, Rich Shannon, the Market VP for the Tampa office, who was retained despite his office

8

underperforming and losing contracts. Stuebben was terminated despite her office's profitability and the fact that she was exceeding her goals.

49. Stuebben was replaced in the Jacksonville office with a substantially younger male employee.

50. FCGI cannot articulate a legitimate non-discriminatory business reason for Stuebben's termination. The reasons given for her termination were false and unworthy of credence, and therefore are a pretext for unlawful age discrimination prohibited by the ADEA.

51. As a direct and proximate result of the unlawful age discrimination to which Plaintiff was subjected, she has suffered damages, including the loss of compensation, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred, and will continue to incur, legal fees and costs associated with the vindication of their rights.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

## COUNT V
## AGE DISCRIMINATION VIOLATION OF THE FCRA

52. Plaintiff adopts and incorporates by reference the allegations contained in paragraphs one through twenty-four as if fully set forth herein.

53. The FCRA prohibits age discrimination against employees based on age in any aspect of employment, including termination.

54. Stuebben was 55-years-old at the time she was terminated and, therefore, a member of the protected group under the FCRA.

55. Stuebben was subjected to an adverse employment action when she was

terminated and she was qualified for her position at the time of her termination.

56. Stuebben was treated less favorably than her younger counterpart, Rich Shannon, the Market VP for the Tampa office, who was retained despite his office underperforming and losing contracts. Stuebben was terminated despite her office's profitability and the fact that she was exceeding her goals.

57. Stuebben was replaced in the Jacksonville office by a substantially younger male employee.

58. FCGI cannot articulate a legitimate non-discriminatory business reason for Stuebben's termination. The reasons given for her termination were false and unworthy of credence, and therefore are a pretext for unlawful age discrimination prohibited by the FCRA.

59. As a direct and proximate result of the unlawful age discrimination to which Plaintiff was subjected, she has suffered damages, including the loss of compensation, mental anguish and emotional distress, and loss of enjoyment of life. She has also incurred, and will continue to incur, legal fees and costs associated with the vindication of their rights.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay and other economic damages, front pay, compensatory damages, costs, interest, and reasonable attorney's fees, along with such other relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TERESA STUEBBEN, respectfully prays for the entry of a judgment in her favor, and against Defendant, FORESIGHT CONSTRUCTION GROUP, INC., for the following relief:

1. Lost wages, compensation and other employment benefits caused by

Defendant's unlawful actions;

2. Compensatory damages for emotional distress, embarrassment and humiliation, loss of dignity, damage to his reputation, and related damages in an amount to be determined by the jury;

3. Punitive damages in an amount to be determined by the jury;

4. Front pay in lieu of reinstatement;

5. Liquidated damages;

6. Prejudgment and post-judgment interest;

7. Reasonable attorney's fees and costs in accordance with applicable law; and

8. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and counts in this Complaint so triable as a matter of right.

**DATED**: September 15th, 2021

Respectfully submitted,

*/s/ Deborah Frimmel*
**DEBORAH FRIMMEL, ESQ.**
Florida Bar Number 93970
deborah@burruezolaw.com
docketing@burruezolaw.com
**BURRUEZO & BURRUEZO, PLLC**
911 Outer Road
Orlando, Florida 32814
Office: 407.630.6650
Facsimile: 407.754.2905

*Attorney for Plaintiff Teresa Stuebben*

# EXHIBIT A

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form. | Agency(ies)<br>**X** FEPA<br>**X** EEOC | Charge Number(s):<br>**510-2021-04246** |
|---|---|---|

**Florida Commission on Human Relations and EEOC**

*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.)<br>**Ms. Teresa Stuebben** | Home Phone (Incl. Area Code)<br>**c/o Burruezo & Burruezo, PLLC**<br>**(407) 754-2904** | Date of Birth<br>**July 13, 1965** |
|---|---|---|

Street Address        City, State and ZIP Code

**1478 Riverplace Blvd., #204, Jacksonville, Florida 32814**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name:<br>**Foresight Construction Group, Inc.** | No. Employees, Members<br>**47** | Phone No. (Include Area Code)<br>**(352) 335-6352** |
|---|---|---|

Street Address        City, State and ZIP Code

**3917 NW 97th Blvd., Gainesville, FL  32606**

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address        City, State and ZIP Code

| DISCRIMINATION BASED ON *(Check appropriate box(es))*<br><br>___ RACE   ___ COLOR  **X** SEX   ___ RELIGION   ___ NATIONAL ORIGIN<br><br>___ RETALIATION   **X** AGE   ___ DISABILITY   ___ OTHER (Specify below.) | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest        Latest<br><br>**January 15, 2021**<br>___ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attached extra sheet(s))*:

I was initially hired by Foresight Construction Inc., (hereinafter "FCGI") on or about August 8, 2019 as a Market Vice President for North East Florida. I am female and fifty-five (55) years old.

For the year 2020, despite the COVID pandemic and the ensuing economic downturn, the Jacksonville office, run by myself, was profitable. Other offices, run by younger male employees were underperforming in 2020.

On or about early January 2021, I provided to FCGI my work acquisition report, which contained prospective clients, companies and contacts for which I held the sole relationship.

On or about January 15 ,2021 I was called into a meeting where I was advised that my employment was terminated, I was told "too many things had gone bad" but was not given any examples of what had gone bad despite asking for such examples. I was also told that the numbers were not what they had hoped. However, the underperforming offices run by younger men had much worse numbers than the Jacksonville office. Finally, I was told that I did not develop enough "federal" business, despite the fact that I was hired to develop business in the health care, education and commercial markets, not the federal market.

1

EEOC-MDO
Received 05/17/2021

The underperforming male employees are not subject to termination and are retained by FCGI despite their lack of performance. Further, I was paid significantly less than the underperforming younger male employees despite having more experience and superior overall performance on the job.

Prior to my termination, I had never been disciplined for any reason.

I believe I was discriminated against and terminated based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act of 1992. I am also a member of the protected group of persons over the age of forty; I was treated less favorably than similarly situated significantly younger male employees, was subjected to adverse employment action (termination), upon information and belief a substantially younger person filled the position from which I was discharged and I am a qualified person to perform the job from which I was discharged. As such, I believe I have been subjected to age discrimination in violation of the Age Discrimination in Employment Act and the Florida Civil Rights Act. As a result of Foresight Construction Inc's unlawful actions, I have suffered an adverse employment action, monetary damages, emotional harm, and pain and suffering.

| | |
|---|---|
| I want this charge filed with the EEOC, Florida Commission on Human Relations, and the local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct.<br><br>05/13/2021       _[signature]_<br>Date             Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

EEOC FORM 5 (REV. 3/01)
4818-6469-6041, v. 1

2

EEOC-MDO
Received 05/17/2021

# EXHIBIT B

EEOC Form 161-B (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Teresa Stuebben<br>1478 Riverplace Blvd #204<br>Orlando, FL 32814 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2021-04246 | George W. Ruggiano, Investigator | (786) 648-5823 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jacqueline Gabriel for*        07/29/2021

Enclosures(s)     **Paul Valenti**
**District Director**     *(Date Issued)*

cc:    **Charging Party's Representative**
Deborah E. Frimmel, Esq.
BURRUEZO WORKPLACE LAW
911 Outer Road
Orlando, FL 32814

                     **Respondent's Representative**
Amy R. Turci, Esq.
FORDHARRISON LLP
225 Water Street, Suite 710
Jacksonville, FL 32202

Enclosure with EEOC
Form 161-B (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***